UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID DeBOARD, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> )    No. 1:13-cv-00508-RLY-MJD <br> COMFORT INN, ) <br> ) <br> Defendant. ) | |

**ORDER ON LEAVE TO FILE FIRST AMENDED COMPLAINT**

This matter comes before the Court on Plaintiff David DeBoard, Jr.'s ("Plaintiff") Motion for Leave to File First Amended Complaint, filed on August 14, 2013. [Dkt. 25.] For the following reasons, the Court hereby **GRANTS** Plaintiff's Motion.

**I.  Background**

This case involves claims brought by Plaintiff, individually and on behalf of others similarly situated, against Comfort Inn ("Defendant") pursuant to Title III of the Americans with Disabilities Act (ADA). [Dkt. 1.] Plaintiff's original Complaint, filed on March 26, 2013, alleges that Defendant failed to install the ADA-required pool lift that would have made the hotel pool accessible to Plaintiff. [*Id.*] In response, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. [Dkt. 27.]

Defendant has now installed such a pool lift, but Plaintiff alleges that Defendant fails to meet several other requirements of the ADA, which were also discovered after the Complaint was filed. [Dkt. 25, 25-1.] Plaintiff now moves to amend the Complaint in order to add the additional ADA violation allegations against Defendant. [Dkt. 25.]

## II. Discussion

Plaintiff argues that the Court should permit him to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2)'s mandate that "leave [to amend a complaint] shall be freely given when justice so requires." [Dkt. 25.] Rule 15 grants that leave to amend be freely given unless there is "undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). In response, Defendant argues all of the above: that Plaintiff's motion to amend should be denied because Plaintiff has engaged in undue and needless delay, Plaintiff has acted with bad faith and dilatory tactics, Defendant would be unduly prejudiced by the Complaint's amendment, and Plaintiff's proposed amendment would be futile. [Dkt. 26.]

Most specifically, Defendant argues that the amendment would be futile because Plaintiff does not have standing to bring the new allegations, as Plaintiff pleads most of the violations "upon information and belief." In the Seventh Circuit, "[a]n amendment is futile if the added claim would not survive a motion for summary judgment." *Bethany*, 241 F.3d at 861. In other words, if it would present no genuine dispute of material fact from Defendant's assertions, the amendment would be futile. Fed. R. Civ. P. 56(a). When ruling on such a motion, the Court construes all facts, and draws all reasonable inferences, in favor of the party moving to amend. *See Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1114 (7th Cir. 2001).

In order to have standing to bring a Title III claim under the ADA, it is not necessary for the plaintiff to "engage in the futile gesture of visiting a building containing known barriers that the owner has no intention of remedying." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013) (quoting *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000)). However, the plaintiff must plead (1) knowledge of the alleged ongoing violation and (2) intent to return to

the location of the alleged violations. *Id.* (finding that plaintiff did not have standing to bring Title III ADA claims against fifty-six of the fifty-seven hotels named as defendants because plaintiff did not assert an intent to return as against the other hotels in the chain); *Ass'n For Disabled Americans v. Claypool Holdings, LLC*, IP 00-0344-C-G/T, 2001 WL 1112109 (S.D. Ind. Aug. 6, 2001) (finding that plaintiff association did not have standing to sue the defendant under Title III of the ADA because there was no evidence that plaintiff's other members intended to stay at the hotel in the near future).

The intent to return "some day" is insufficient; there should be a likelihood that the plaintiff will visit the building in question "in the imminent future." *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)); *Ass'n For Disabled Americans v. Claypool Holdings*, LLC, IP 00-0344-C-G/T, 2001 WL 1112109 (S.D. Ind. Aug. 6, 2001) (finding that "the evidence demonstrates a strong likelihood that he will visit the city in the future," likely within the year). The Ninth Circuit has interpreted the intent prong as requiring that a plaintiff would soon return, but for the location's deterrence due to the ADA violations. *See Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002) ("so long as a plaintiff is aware of [the discriminatory conditions] and remains deterred, the injury under the ADA remains").

Here, Plaintiff's proposed amended complaint avers that Plaintiff "intends to return to Defendants' hotel to ascertain whether it remains in violation of the ADA." [Dkt. 25-1 at 6.] While this intent is greater than the complete lack of intent to visit the location in person discussed by the Seventh Circuit in *Scherr*, this intent alone does not display an intent to patronize the location but for the deterrence of the lack of ADA compliance addressed by the Ninth Circuit in *Pickern*. However, Plaintiff goes on to allege that "[w]ithout injunctive relief,

Plaintiff will continue to be unable to independently use Defendant's hotel pool in violation of his rights under the ADA," which implies that Defendant's violations continue to deter Plaintiff from patronizing the hotel.  [Dkt. 25-1 at 6.]  Though discovery will need to provide further evidence that Plaintiff has a likelihood of patronizing Defendant and is deterred from doing so because of the ADA violations, the Court, in drawing all reasonable inferences in favor of the Plaintiff, finds that Plaintiff has met the intent requirement of ADA Title III standing.

The knowledge requirement can be met through mere awareness, as the "futile gesture" of physically visiting the location is not necessary.  See *Pickern*, 293 F.3d at 1137 ("So long as the discriminatory conditions continue, and **so long as a plaintiff is aware** of them and remains deterred, the injury under the ADA remains" (emphasis added)); *Means v. St. Joseph Cnty. Bd. of Comm'rs*, 3:10-CV-00003 JD, 2011 WL 4361567 (N.D. Ind. Sept. 16, 2011) ("a plaintiff need not himself experience barriers to public accommodations to establish standing **so long as he has actually become aware** of the discriminatory conditions" (emphasis added) (quotations omitted)).  Additionally, a plaintiff's claim is not limited to the barriers of which he has personal knowledge or that he personally encountered: "An ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008) (citing to *Steger*, 228 F.3d at 894).

Here, Defendant argues that Plaintiff's allegations of violations based on "information and belief" are insufficient to meet the knowledge requirement of Title III standing under the ADA.  [Dkt. 26 at 6.]  However, because Title III standing does not require personal knowledge of every ADA violation, *Doran* indicates that so long as a plaintiff has actual knowledge of at

least one of the challenges, he may bring the remaining challenges in the same suit.  In the proposed amended complaint, Plaintiff pleads that he has "actual knowledge" that the spas are not fully accessible, and pleads ten other barriers based on "information and belief."[1]  [Dkt. 25-1 at 5-6.]  The allegations pleaded on information and belief likely meet the standard of mere awareness discussed in *Pickern* and *Means*, but it is not necessary to address this question, under the *Doran* analysis, due to Plaintiff's actual knowledge of the spa access violation.  Accordingly, Plaintiff's proposed amended complaint sufficiently pleads the intent and knowledge requirements for Title III standing under the ADA, and the amendment would not be futile.

Defendant further argues that Plaintiff's motion to amend should be denied because "Plaintiff has engaged in undue delay, bad faith, acted with dilatory motive, [and] threatens to cause undue prejudice to Defendant."  [Dkt. 26 at 4.]  These four arguments are all addressed in one page, which does not contain a single citation to case law that would purportedly support Defendant's arguments.  [*Id.*]  In such circumstances, the Seventh Circuit deems arguments that are "underdeveloped, conclusory, or unsupported by law" as waived.  *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012); *see also United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.1991) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").  Accordingly, the Court finds that Defendant's remaining arguments are unsupported by law or pertinent authority, and are therefore waived.

### III.  Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** Plaintiffs' Motion for leave to File First Amended Complaint. [Dkt. 25.]  Plaintiff's Amended Complaint, [dkt. 25-1], is

---

[1] Plaintiff also "upon information and belief" pleads that Defendant has installed a pool lift since Plaintiff's filed their original complaint.  In their response, Defendants make it a point that "Plaintiff acknowledges in his amendment that the alleged access issue complained of in his initial complaint has been corrected."  [Dkt. 26 at 5.] In doing so, the Court observes that Defendant seemingly admits that such "information and belief" is sufficient to imply a reliable standard of awareness.

deemed filed as of the date of this Order. Defendant shall answer or otherwise respond to the Amended Complaint within fourteen (14) days of the date of this Order.

Date: 10/09/2013

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Amy R. Jonker
DYKEMA GOSSETT PLLC
ajonker@dykema.com

Paul A. Wilhelm
DYKEMA GOSSETT PLLC
pwilhelm@dykema.com

Ryan R. Frasher
RYAN FRASHER P.C.
rfrasher@frasherlaw.com

Eric G. Calhoun
TRAVIS, CALHOUN & CONLON PC
eric@travislaw.com